**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-60662**
**Summary Calendar**
**Docket No. 1:99-CV-379-GR**
**Docket No. 1:00-CV-362-GR**

_____

**MARIA S. OCHOA,**

**Plaintiff-Appellant,**

**versus**

**DR. LAWRENCE J. DELANEY, Acting Secretary,**
**Department of the Air Force,**

**Defendant-Appellee.**

_____

Appeal from the United States District Court
for the Southern District of Mississippi
_____

April 25, 2002

BEFORE JONES, SMITH and EMILIO M. GARZA, Circuit Judges:

PER CURIAM:[*]

Ochoa filed a Title VII action alleging retaliation and age discrimination and claims for intentional infliction of emotional distress and negligence. Ochoa is a child-care worker employed by the Air Force since 1979. In 1994, Ochoa became the Child Development Director of the East Region at Keesler Air Force Base (pay level GS-1701-09). She was later reassigned to

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Coordinator of the Family Day Care Program (also GS-1701-09). Ochoa was not happy with this transfer and other employment actions, and filed numerous complaints with the EEOC alleging racial and age discrimination. Between 1995 and September 1999, Ochoa filed at least 10 complaints with the EEOC, alleging retaliation, non-selection and other forms of racial and age discrimination. These complaints are the subject of this suit. The district court granted summary judgment and dismissed all claims.

As an initial matter, it is important to note that Ochoa did not file a timely response to summary judgment before the district court. See District Court's Memorandum Opinion at 1.n.1. Many of Appellant's arguments in this appeal are based on evidence never presented to the district court. This court has contemporaneously granted a Motion to Strike Portions of Appellant's Record Excerpts that were not presented to the district court. Pursuant to F.R.A.P. 10, this court reviews only the record that was before the district court.

Ochoa's failure to respond to the summary judgment motion and failure to develop a record below are fatal to her case. See Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992) (explaining that this court's inquiry is "limited to the summary judgment record before the trial court: the parties cannot add exhibits, depositions, or affidavits to support their positions on appeal."). We have reviewed the district court opinion in light of the

2

evidence before that court, which carefully applied the proper legal standards. Having done so, we find no reversible error of law or fact and AFFIRM the court's judgment.

**AFFIRMED.**